NEBRASKA LOAN & TRUST COMPANY ET AL., APPELLANTS, V.
HERWARD W. CROOK ET AL., APPELLEES.

FILED APRIL 5, 1905.  No. 13,761.

Equity: REMEDY AT LAW. If in the rendition of a decree of foreclosure
of a mortgage the court errs in assessing a lien as prior thereto
in favor of one of the parties, the mortgagee has a speedy and
adequate remedy by appeal or error, and equity will not subse-
quently interpose.

APPEAL from the district court for Rock county: JAMES
J. HARRINGTON, JUDGE. *Affirmed.*

*John M. Ragan,* for appellants.

*J. A. Douglas, contra.*

AMES, C.

The plaintiff and appellant trust company herein owned
a mortgage on a tract of land in Rock county in this state
upon which there were delinquent taxes. The county,
without a previous administrative sale, began an action
against the appellant and the land owner for the fore-
closure of the tax lien. Appellant filed an answer and
cross-petition praying a foreclosure of its mortgage. The
action proceeded regularly to a decree adjudging a first
lien in favor of the county for the amount of the delin-
quent taxes and a second lien in favor of appellant for the
amount found due upon its mortgage, and directing a sale
of the premises and distribution of the proceeds accord-
ingly. All parties acquiesced in the decree, and pursuant to
it the premises were sold by the sheriff for a sum insuffi-
cient to pay the tax lien and costs. After confirmation of
the sale the premises were sold by the purchaser, and in
due course came by mesne conveyances to the appellee
Crook. This is an action to redeem brought by appellants
after the lapse of more than three years from the date of
the judicial sale and confirmation. The appeal is from a

judgment of the district court sustaining a general demurrer to the petition and dismissing the suit.

The decree of foreclosure, in the respect that it adjudged a lien in favor of the county for taxes and directed a distribution of the proceeds of the sale for its satisfaction, was erroneous, but it was otherwise valid, and the sale and confirmation pursuant to it were effectual to convey the premises free from all liens rightfully adjudicated. The proceedings therefore divested appellant of all interest in the land as mortgagee, or otherwise, and deprived it of the right to redeem from the tax lien. Granting, for the sake of argument, that the court was without jurisdiction of the action as it was begun by the county, which we do not decide, it acquired jurisdiction of the parties and of the subject matter upon the filing of the cross-petition by appellant. If in the rendition of its decree thereon it erred in assessing a lien as prior thereto in favor of the county, appellant had a speedy and adequate remedy by appeal or error as in other like cases. We are therefore of the opinion that the judgment of the district court in this case is right, and recommend that it be affirmed.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.